UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                                                    Chapter 11

American Home Buyers Consulting Services, Inc.,              Case no.  12-13871

                                  Debtor.
---------------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

American Home Buyers Consulting Services, Inc. having filed its Amended Plan of Reorganization on July 17, 2014, and a copy of the disclosure statement in connection with the Plan having been transmitted to creditors and equity security holders, and upon the hearing held before this Court on August 20, 2014 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found: (a) that the sale of the Debtor's Real Property located at 705 East 183rd Street, Bronx New York (the "Property") under the Plan is an arms-length transaction, non-collusive, fair and reasonable, and conducted openly and in good faith in accordance, and is in the best interests of the Debtor, its estate and Creditors, (b) that Griffon Bridgeview LLC or its designee (the "Purchaser"), as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code §363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law, (c) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), and (d) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (e) that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

ORDERED, that pursuant to section 1129 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

ORDERED, that that in furtherance of the Plan, the Debtor is directed to sell, transfer and convey the Property to the Purchaser for the purchase price of $525,000, free and clear of all liens, encumbrances and interests, with sale proceeds to be distributed as provided in the Plan, provided, however, that the Mortgagee shall have the right, but not the obligation, to provide for an assignment of part or all of its mortgage and an assumption by the Purchaser in connection with the sale of the Property under the Plan; and it is further

ORDERED, that the Purchaser is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code §363(m) or similar provision of law; and it is further

ORDERED, that on the Effective Date, the Debtor be, and hereby is, directed to (a) execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close the sale of the Property to the Purchaser as set forth in the Plan, (b) turnover to the Purchaser the Property, and all books, records, files, and other documents relating to the Property, (c) turnover to the Purchaser all tenant security deposits in its possession, which shall be held by the Purchaser and used or applied in accordance with the terms of the subject leases and applicable law; and it is further

ORDERED, that the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, that the Bronx County Clerk is hereby authorized and directed to record the deed and all other documents as so executed; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, that the delivery of the Deed to be issued to the purchaser pursuant to the Plan shall be made in implementation of the Plan, and qualifying for the transfer tax exemption under section 1146(a) of the Bankruptcy Code, such that the filing of said deed shall not be subject to payment of any New York City (RPT) or New York State (TP 584)~~State (TP 584)~~ transfer tax, a stamp tax or similar tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the Debtor shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Proponent shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).

Dated: New York, New York
September 4, 2014

                                                */s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE